NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

BROCK AMELIA HILL, *Appellant*.

No. 1 CA-CR 21-0548
FILED 8-16-2022

Appeal from the Superior Court in Mohave County
No. S8015CR202000854
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Karen Moody
*Counsel for Appellee*

Jill L. Evans, Attorney at Law, Flagstaff
By Jill L. Evans
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge Cynthia J. Bailey and Judge Peter B. Swann joined.

**W I L L I A M S**, Judge:

**¶1**      Brock Amelia Hill was convicted of two counts of negligent homicide, two counts of aggravated assault, one count of failure to stop at the scene of an accident involving death or serious physical injury, and two counts of driving under the influence. The superior court sentenced Hill to 40.25 years' imprisonment and, after a contested restitution hearing, ordered him to pay restitution of $33,799.12. Hill appeals solely from the court's restitution order.

**¶2**      Hill's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) advising us there are no meritorious grounds for reversal. Hill was granted an opportunity to file a supplemental brief *in propria persona* but did not do so. Our obligation is to review the entire record for reversible error. *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).

**¶3**      We have reviewed the entire record for reversible error with respect to the restitution order and find none. The superior court ordered Hill to pay restitution totaling $33,799.12, which included reimbursement for: (1) the cost of two funerals; (2) travel costs for victims' representatives to attend court; (3) lost wages for a surviving victim; (4) and medical bills. Record evidence supports the court's order. We, therefore, affirm the restitution order.

**¶4**      Defense counsel's obligations pertaining to Hill's representation in this appeal have ended. Defense counsel need do no more than inform Hill of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On this court's motion, Hill has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA